T.C. Memo. 2011-289

UNITED STATES TAX COURT

PETER A. MCLAUCHLAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14996-09.                Filed December 19, 2011.

<u>Kathlyn C. Curtis</u>, for petitioner.

<u>Adam P. Sweet</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes and accuracy-related penalties
under section 6662(a)[1] for 2005, 2006 and 2007 (years at issue).

_____

[1]All section references are to the Internal Revenue Code as
amended and in effect for the years at issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure,
unless otherwise indicated.

After concessions,[2] there are two issues for decision. The first issue is whether certain expenses that petitioner claimed on Schedule C, Profit or Loss From Business (Schedule C), for 2005 and 2006 are deductible. We hold they are not.[3] We also must decide whether petitioner is liable for an accuracy-related penalty for each year at issue. We hold he is liable.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in Houston, Texas at the time he filed the petition.

---

[2]Petitioner conceded or settled all of the adjustments in the deficiency notice concerning the disallowed itemized deductions and unreported income. Petitioner also conceded that he is not entitled to a deduction for the legal and professional services expense that he claimed on Schedule C for each of the years at issue. Finally, petitioner conceded that he is liable for additional tax for an early distribution from a retirement account for 2007. Respondent conceded that petitioner is allowed deductions for claimed contributions to pension and profit sharing plans for 2005 and 2006. Other remaining adjustments are computational and need not be discussed.

[3]Notwithstanding, we hold that the depreciation expense claimed on line 13 of Schedule C for 2006 and the charitable contribution expense claimed on line 27 of Schedules C for 2005 and 2006 are allowed because they are flow-through partnership items under sec. 702.

Background

Petitioner is married with two children. He has practiced law since 1985. Petitioner was practicing law as a partner at AR, a law partnership, during the years at issue.[4]

Petitioner's share of AR income for 2005 and 2006 was $339,260 and $329,016, respectively. Petitioner paid various expenses (e.g., advertising, home office, automobile, travel, meals, entertainment, cell phone, professional organizations, continuing legal education, State bar membership, supplies, interest, banking fees and legal support services) in connection with practicing law at AR. AR reimbursed petitioner for over $60,000 of expenses for each of 2005 and 2006. Petitioner contends, however, that he paid over $100,000 of AR expenses in both 2005 and 2006 for which he was not reimbursed. He categorized and claimed these expenses on Schedules C.

Petitioner left AR in 2007.

Reimbursement of AR Expenses

AR partners were required under AR's partnership agreement to pay expenses for business meals, automobiles, travel, entertainment, conventions, continuing legal education and professional organizations (collectively, indirect AR expenses). Indirect AR expenses were reimbursable under AR's partnership

---

[4]The Court granted petitioner's motion to seal the part of the record that identifies the name of the law firm.

agreement if approved by a managing partner or a designee of the managing partner.

AR had a written reimbursement policy that specifically provided for reimbursement of certain indirect AR expenses. Reasonable travel expenses were reimbursable, including expenses related to client maintenance and development. Interoffice travel expenses involving an automobile were reimbursable. Lease and rental automobile expenses incurred for client travel were reimbursable. Business meals and entertainment were reimbursable if authorized and approved. Continuing legal education expenses were reimbursable if approved.

The written reimbursement policy, however, also provided that in-town transportation (i.e., transportation within a 20-mile radius of an attorney's home office) expenses and spousal travel expenses were not reimbursable.

As a matter of routine practice, AR would reimburse other indirect AR expenses that were not provided for in the written reimbursement policy, including State bar membership expenses and professional organization expenses. AR did not have a limit on the amount for which a partner could be reimbursed. Reasonableness, rather, was the overarching standard for approving reimbursement of indirect AR expenses. AR would deem an expense unreasonable if it was personal, excessive or not in AR's best interests.

The Deficiency Case

Petitioner filed Federal income tax returns for the years at issue.  After examination, respondent issued petitioner the deficiency notice.  Petitioner timely filed the petition for redetermination with this Court.  Respondent filed an answer and an amended answer.  Respondent asserted in the amended answer that petitioner was not entitled to any of the claimed Schedule C expenses for 2005 and 2006, resulting in increased income tax deficiencies.  The following expenses are at issue.

| Expenses | 2005 | 2006 |
|---|---|---|
| Advertising | $1,648 | $1,785 |
| Car and truck | 18,503 | 3,224 |
| Commissions and fees (professional organizations and continuing legal education)[1] | 922 | 874 |
| Contract labor | 1,687 | 1,644 |
| Depreciation and section 179 | 54 | 1,693 |
| Insurance (automobile insurance and home insurance) | 3,865 | 3,944 |
| Interest | 18,985 | 18,466 |
| Office | 18,626 | 19,486 |
| Rent or lease (vehicle lease and vehicle rental) | 8,456 | 8,692 |
| Repairs and maintenance (automobile repairs and maintenance and other repairs and maintenance) | 946 | 6,872 |
| Supplies | 655 | 623 |
| Taxes and licenses (automobile taxes and licenses and State bar membership) | 1,963 | 1,984 |
| Travel, meals and entertainment | 32,395 | 23,816 |
| Utilities | 3,522 | 3,846 |
| Wages | 8,465 | 7,244 |
| Other (charitable contributions) | 1,892 | 1,349 |
| | 122,584 | 105,542 |

[1]For simplicity's sake, we have delineated in parentheses certain subcategories of expenses that petitioner deducted.

OPINION

We are asked to decide whether petitioner, an attorney in a law partnership, can deduct the expenses at issue as unreimbursed partnership expenses, and if so, whether any of the expenses at

issue are nonetheless disallowable for lack of proper substantiation. We are also asked to decide whether petitioner is liable for an accuracy-related penalty under section 6662(a) for each year at issue. We begin with the burden of proof.

I. Burden of Proof

Taxpayers generally bear the burden of proving that the Commissioner's determinations are erroneous. Rule 142(a). The Commissioner bears the burden of proof on any new matter, increases in deficiencies and affirmative defenses pleaded in his answer. See id.; Welch v. Helvering, 290 U.S. 111 (1933). Our resolution of whether the expenses are deductible is based on a preponderance of evidence standard, not upon an allocation of the burden of proof. Therefore, we need not consider who bears the burden of proof on this issue. See Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005). We now turn to the expenses at issue.

II. Unreimbursed Partnership Expenses

The parties dispute whether the expenses at issue are deductible as unreimbursed partnership expenses. Generally, a partner may not directly deduct the expenses of the partnership on his or her individual returns, even if the expenses were incurred by the partner in furtherance of partnership business. Cropland Chem. Corp. v. Commissioner, 75 T.C. 288, 295 (1980), affd. without published opinion 665 F.2d 1050 (7th Cir. 1981).

An exception applies, however, when there is an agreement among partners, or a routine practice equal to an agreement, that requires a partner to use his or her own funds to pay a partnership expense.  Id.; Klein v. Commissioner, 25 T.C. 1045, 1052 (1956).

The AR partnership agreement required petitioner to pay indirect AR expenses that were unreimbursable.  There was no routine practice at AR that required petitioner to pay any other AR expenses.  Accordingly, the expenses at issue are deductible if they were (1) indirect AR expenses, (2) unreimbursable and (3) actually incurred.  We now turn to each of these requirements.

A. Expenses That Were Not Indirect AR Expenses

The only indirect AR expenses petitioner claimed for 2005 and 2006 are the travel, meals, entertainment, automobile expenses,[5] vehicle rental, professional organizations, continuing legal education and State bar membership expenses.  All other expenses at issue are not indirect AR expenses and thus are not deductible as unreimbursed partnership expenses.

---

[5]The "car and truck," "vehicle lease," "automobile repairs maintenance," "automobile insurance" and "automobile taxes and licenses" expenses claimed on Schedules C for 2005 and 2006 all arise from petitioner's alleged use of two passenger automobiles, a BMW and an unidentified vehicle for AR business.  For simplicity's sake, we refer to these expense categories collectively as "automobile expenses."

B. Expenses That Were Reimbursable

We now focus on whether the indirect AR expenses petitioner claimed were reimbursable.[6] AR's written reimbursement policy shows that they were. AR's reimbursement policy reflects that AR reimbursed reasonable travel expenses. In that regard, AR reimbursed authorized and approved business meals and entertainment expenses. AR also reimbursed approved continuing legal education expenses and vehicle rental expenses for client-related travel.

Moreover, AR's routine reimbursement practices show that the indirect AR expenses petitioner claimed were reimbursable. Specifically, the record indicates that AR routinely reimbursed reasonable expenses for professional organizations and State bar memberships. More generally, the record reflects that AR had no set limit on the amount of expenses for which it would reimburse a partner. Instead, reasonableness was the determinative criterion for approving or authorizing an indirect AR expense. AR would deem an expense unreasonable if it was personal, excessive or not in AR's best interest. We find petitioner was not required under the AR partnership agreement or by routine practice to pay such expenses.

_____

[6]Because we hold that petitioner did not meet the strict substantiation requirements of sec. 274(d) for claiming the automobile expenses for 2005 and 2006, it is unnecessary to consider whether the automobile expenses were reimbursable.

In addition, petitioner fails to point to any specific expense for which AR denied him reimbursement. Petitioner merely offers his own general and vague testimony that AR denied him reimbursement for some of his travel, meal and entertainment expenses. This Court is not required to accept petitioner's self-serving, unverified and undocumented testimony. See Shea v. Commissioner, 112 T.C. 183, 189 (1999); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

We find that petitioner was not required to pay without reimbursement any expenses for travel, meals, entertainment, vehicle rental, continuing legal education, professional organizations or State bar memberships. We therefore sustain respondent's disallowance of these expenses.[7]

C. Expenses That Were Not Properly Substantiated

We now focus on the automobile expenses. Respondent argues that petitioner is not entitled to deduct any portion of the automobile expenses that he claimed because they were not properly substantiated. We agree.

No deduction may be allowed for expenditures or use with respect to listed property unless the taxpayer substantiates certain elements. Sec. 274(d). Passenger automobiles are listed

---

[7]We note that even if we found that the travel, meals and entertainment expenses were deductible as unreimbursed partnership expenses, they would still be disallowed under the strict substantiation rules of sec. 274(d).

property.  Sec. 280F(d)(4)(A)(i).  The automobile expenses stem from petitioner's use of two passenger automobiles and are therefore subject to the strict substantiation requirements of section 274(d).

A taxpayer shall substantiate certain elements of expenditure and use by adequate records or sufficient evidence to corroborate his or her own statement before a deduction with respect to an alleged business use of an automobile will be allowed.[8]  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  The elements petitioner must substantiate are (1) the amount of each separate expenditure, (2) the mileage for each business use of the relevant automobiles and the total mileage for all use of the automobiles during the taxable period, (3) the date of the expenditure or use and (4) the business purpose for the expenditure or use.  See id.

Moreover, expenses subject to the strict substantiation rules, such as passenger automobile expenses, may not be estimated; i.e., section 274(d) overrides the so-called Cohan rule.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd.

---

[8]Adequate records generally must be written and must be prepared or maintained such that a record of each element of an expenditure or use that must be substantiated is made at or near the time of the expenditure or use when the taxpayer has full present knowledge of each element.  See sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., 50 Fed. Reg. 46018 (Nov. 6, 1985).

per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985); sec. 1.280F-6(b)(1), Income Tax Regs. For these expenses, only strict substantiation will suffice.

Against this background, we analyze whether petitioner satisfied the strict substantiation requirements of section 274(d) to allow any automobile expenses for 2005 and 2006. Petitioner has shown that he paid some expenses regarding certain automobiles he contends were used for AR business. Petitioner failed, however, to maintain records that indicate the amount of business use and total use, the dates of any business use and the purposes of any business use for the automobiles. Instead, petitioner offers his general, vague, self-serving and uncorroborated testimony that he used the automobiles to conduct AR business. Petitioner is therefore not entitled to deduct the automobile expenses. Consequently, we sustain respondent's disallowance of the automobile expenses.

III. Accuracy-Related Penalties

We now turn to respondent's determination that petitioner is liable for an accuracy-related penalty under section 6662(a) for each year at issue. The Commissioner has the burden of production and must come forward with sufficient evidence that it is appropriate to impose a penalty. Sec. 7491(c); see Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). The taxpayer bears

the burden of proof as to any defense to the accuracy-related penalty.  Sec. 7491(c); Rule 142(a); Higbee v. Commissioner, supra at 446.

A taxpayer is liable for an accuracy-related penalty on any part of an underpayment attributable to, among other things, a substantial understatement of income tax.  Sec. 6662(b)(2). There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of either 10 percent of the tax required to be shown on the return, or $5,000.  Sec. 6662(a), (b)(2), (d)(1)(A); sec. 1.6662-4(a), Income Tax Regs. Respondent has met his burden of production because the Court's decision results in a substantial understatement of income tax for each of the years at issue.  See Higbee v. Commissioner, supra at 446; Jarman v. Commissioner, T.C. Memo. 2010-285.

A taxpayer is not liable for an accuracy-related penalty, however, if the taxpayer acted with reasonable cause and in good faith with respect to any portion of the underpayment.  Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs.  The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability, the knowledge, experience and education of the taxpayer, and the reliance on the advice of a professional.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner is well educated and has been an attorney for over 20 years. He prepared his own Federal income tax returns for the years at issue. Petitioner admitted that he had difficulty preparing his tax returns, yet he failed to seek the assistance of a tax professional.

Moreover, the full amount of each underpayment resulted from petitioner repeatedly disregarding the rules and regulations on reporting income and claiming deductions against income. Petitioner failed to offer any persuasive evidence that he acted with reasonable cause and in good faith in disregarding the relevant rules and regulations.

We find under the relevant facts and circumstances that petitioner did not act with reasonable cause and in good faith with respect to the underpayments for the years at issue. We therefore hold petitioner liable for the accuracy-related penalty, under section 6662(b), on the underpayments of tax for the years at issue.

We have considered all arguments made in reaching our decision and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing and the parties' concessions,

Decision will be entered under Rule 155.