T.C. Memo. 2013-82

UNITED STATES TAX COURT

RON NIV, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9041-11.                    Filed March 21, 2013.

R disallowed certain business expense deductions P claimed on his 2006 and 2007 tax return and determined deficiencies in income tax, additions to tax pursuant to I.R.C. sec. 6651(a)(1) for failing to timely file the 2006 and 2007 tax returns, and accuracy-related penalties under I.R.C. sec. 6662(a) for P's 2006 and 2007 tax years.

<u>Held</u>: P did not substantiate expense deductions for travel, meals, entertainment, and car expenses.

<u>Held</u>, <u>further</u>, P is entitled to a portion of his claimed deductions for promotion and materials costs in connection with his real estate business for 2006 and 2007.

<u>Held</u>, <u>further</u>, P is liable for additions to tax pursuant to I.R.C. sec. 6651(a)(1) for failing to timely file his 2006 and 2007 tax returns.

<u>Held</u>, <u>further</u>, P is liable for accuracy-related penalties pursuant to I.R.C. sec. 6662(a) for 2006 and 2007.

[*2]   Ron Niv, pro se.

Cory Ellenson and Kathryn A. Meyer, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


WHERRY, Judge:  This case is before the Court on a petition for

redetermination of income tax deficiencies, additions to tax pursuant to section

6651(a)(1) for failure to timely file a tax return, and section 6662(a) accuracy-

related penalties that respondent determined for petitioner's 2006 and 2007 tax

years.[1]  The issues for determination are:  (1) whether petitioner is entitled to deduct

expenses on Schedule C, Profit or Loss From Business, of $159,023 for 2006 and

$70,270 for 2007, respectively; (2) whether petitioner is liable for additions to tax

pursuant to section 6651(a)(1) for failure to timely file his 2006 and 2007 tax

returns; and (3) whether petitioner is liable for section 6662(a) accuracy-related

penalties for 2006 and 2007.[2]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) of 1986, as amended and in effect for the taxable years at issue.  The Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent's pretrial memorandum states that petitioner failed to substantiate $159,823 of Schedule C deductions for the 2006 tax year.  We believe this was a typographical error on respondent's part and that $159,023 is the correct
(continued...)

[*3]                         FINDINGS OF FACT

The parties' stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. At the time the petition was filed, petitioner resided in California.

Petitioner is a mortgage broker, real estate agent, and real estate investor who was engaged in these business activities during the years in dispute.[3]

2006 Tax Year

Petitioner requested, and was granted, an extension of time within which to file his 2006 income tax return. The due date for the 2006 tax return was extended to October 15, 2007. Petitioner filed his 2006 tax return on November 6, 2008. On petitioner's 2006 Schedule C, he reported gross receipts of $225,972, total expenses of $212,423, and net income of $13,549.

---

[2](...continued)
Schedule C disputed amount to be substantiated with respect to petitioner's 2006 tax return.

[3]On Schedule C of both the 2006 and 2007 tax returns, petitioner listed a computer consulting business as his principal business. During trial respondent indicated that petitioner had informed respondent that his principal business listed on his tax returns was in error and that in fact the business activities conducted for 2006 and 2007 were real estate activities for which the Schedules C were prepared.

**[*4]** Petitioner submitted some receipts, invoices, and credit card and bank statements but did not submit any account ledgers, check registries, or travel or entertainment logs or equivalent contemporaneous evidence to the Court. On the basis of evidence petitioner provided at trial, he paid and sought to substantiate the following expenses, for which at least some documentation identified by the Court was provided, associated with his real estate business activity for the 2006 tax year:[4]

Mktg/Promo

|  | Price | Substantiation | Date of invoice/charge |
|---|---|---|---|
| Banner/flag--AAA | $106.25 | Invoice | 7/17/06 |
| Broadcast Center | 2,019.68 | Credit card | 2/13/06 |
| Broadcast Center | 1,933.33 | Credit card | 3/03/06 |
| Advertising--Westside | 39.00 | Credit card | 7/13/06 |
| Advertising--Westside | 60.00 | Credit card | 7/7/06 |
| Total | 4,158.26 |  |  |

---

[4]Petitioner used the cash method of accounting with respect to his 2006 and 2007 tax returns.

[*5] Materials[1]

| | Price | Substantiation | Date of invoice/charge |
|---|---|---|---|
| Fixtures--Euro Design | $1,774.47 | Invoice | 8/8/06 |
| Lumber--Van Nuys | 10,000.00 | Credit card | 10/19/06 |
| Lamps--Lamps Plus | 357.84 | Credit card | 6/23/06 |
| Lumber--Van Nuys | 13,000.00 | Credit card | 10/19/06 |
| Lighting--Capital | 296.79 | Invoice | 6/29/06 |
| Lighting--Capital | 437.99 | Credit card | 6/28/06 |
| Lighting--Capital | 287.00 | Credit card | 6/28/06 |
| Lighting--Capital | 296.99 | Credit card | 7/10/06 |
| Lighting--Capital | 427.99 | Credit card | 7/12/06 |
| Total | 26,879.07 | | |

[1]Under part V of Schedule C for 2006 petitioner claimed $17,978 for materials under other expenses. Petitioner does not argue that he is entitled to materials expenses in excess of the $17,978 claimed on his 2006 tax return.

Office Expenses

| | Price | Substantiation | Date of invoice/charge |
|---|---|---|---|
| Computer--Dell | $763.62 | Invoice | 1/29/06 |
| Dept. of Build.--LA | 1.90 | Credit card | 1/26/06 |
| Staples | 35.96 | Credit card | 7/11/06 |
| Total | 801.48 | | |

**[\*6]** <u>2007 Tax Year</u>

Petitioner also requested, and was granted, an extension of time within which to file his 2007 income tax return. The due date for the 2007 tax return was extended to October 15, 2008. Petitioner filed his 2007 tax return on July 7, 2009. On petitioner's 2007 Schedule C he reported gross receipts of $97,075, total expenses of $94,953, and net income of $2,122.

The evidence petitioner introduced, stipulated in Exhibit 6-P, contains no invoices or receipts and minimal credit card statements for transactions entered into and expenses petitioner paid or incurred with regard to his real estate business for the 2007 tax year. A credit card charge of $180 was submitted for Combined LA Westside Advertising dated March 3, 2007. A credit card charge of $2,500 was submitted dated May 23, 2007, for Longview Doors and Windows, Van Nuys. Additionally, two credit card charges of $8.65 and $7.55 were submitted for Anawalt Lumber dated August 19, 2007, and August 15 and 20, 2007, respectively.

On petitioner's Schedules C for 2006 and 2007 he claimed deductions for the following expenses, which respondent disallowed:

| [*7] Expense | 2006 | 2007 |
|---|---|---|
| Car and truck | $9,173 | $6,111 |
| Office | 24,690 | 8,943 |
| Meals and entertainment | 14,425 | 3,163 |
| Travel | 11,823 | 6,856 |
| Other[1] | 98,912 | 45,197 |
| Total[2] | 159,023 | 70,270 |

[1]Under part V of Schedule C for 2006, petitioner allocated the other expenses as follows: $6,993 for telephone expenses, $23,766 for outside services, $12,238 for promotion, $2,328 for Internet, $714 for small tools, $1,719 for research, $17,978 for materials, and $33,176 for referrals, commissions, and marketing. Under part V of Schedule C for 2007, petitioner allocated the other expenses as follows: $4,127 for telephone expenses, $9,457 for outside services, $5,334 for promotion, $2,421 for Internet, $644 for small tools, $857 for research, $7,765 for materials, and $14,592 for referrals, commissions, and marketing.

[2]Petitioner contends he is entitled to deduct all of his expenses listed on his 2006 and 2007 Schedules C.

Respondent audited petitioner's returns for the 2006 and 2007 years and issued a notice of deficiency on January 19, 2011, disallowing the Schedule C expenses listed above and, after computational adjustments, determining the following:

| | 2006 | 2007 |
|---|---|---|
| Deficiency | $46,718.00 | $20,634.00 |
| Sec. 6651(a)(1) addition to tax | 12,150.50 | 5,233.50 |
| Sec. 6662(a) accuracy-related penalty | 9,343.60 | 4,126.80 |
| Total | 68,212.10 | 29,994.30 |

**[*8]** On April 18, 2011, petitioner timely petitioned this Court. Trial was held on June 29, 2012, in Los Angeles, California.

OPINION

I.     General Deduction Rules

Deductions are a matter of "legislative grace", and "a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms." New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see also Rule 142(a). As a general rule, section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". An expense is ordinary for purposes of this section if it is normal or customary within a particular trade, business, or industry. Deputy v. du Pont, 308 U.S. 488, 495 (1940). An expense is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943). Section 262, in contrast, precludes deduction of "personal, living, or family expenses."

The breadth of section 162(a) is tempered by the requirement that any amount claimed as a business expense must be substantiated, and taxpayers are required to maintain records sufficient therefor. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976); sec.

[*9] 1.6001-1(a), Income Tax Regs. When a taxpayer adequately establishes that he or she paid or incurred a deductible expense but does not establish the precise amount, we may in some circumstances estimate the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). There must, however, be sufficient evidence in the record to provide a basis upon which an estimate may be made and to permit us to conclude that a deductible expense, rather than a nondeductible personal expense, was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams, 245 F.2d at 560-561.

Furthermore, certain business expenses described in section 274 are subject to rules of substantiation that supersede the Cohan rule. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274(d) provides that no deduction shall be allowed for, among other things, traveling expenses, entertainment expenses, gifts, and expenses with respect to listed property (as defined in section 280F(d)(4) that includes passenger automobiles)

[*10] "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement": (1) the amount of the expenditure or use; (2) the time and place of the expenditure or use, or date and description of the gift; (3) the business purpose of the expenditure or use; and (4) in the case of entertainment or gifts, the business relationship to the taxpayer of the recipients or persons entertained. Sec. 274(d).

II.    Burden of Proof

The Commissioner's determination of a deficiency is generally presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, pursuant to section 7491(a)(1), the burden of proof as to a factual issue that affects the taxpayer's tax liability may be shifted to the Commissioner. This occurs where the "taxpayer introduces credible evidence with respect to * * * [that] factual issue" and the taxpayer has, inter alia, complied with substantiation requirements pursuant to the Code and "maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews". Sec. 7491(a). Petitioner did not argue that the burden should shift, and he failed to maintain required records

**[*11]** or comply with the substantiation requirements.  Accordingly, the burden of proof remains on petitioner.

III.    Petitioner's Expenses Subject to Strict Substantiation Under Section 274(d)

A.    Travel Expenses

On his Schedules C petitioner claimed travel expense deductions of $11,823 on his 2006 return and $6,856 on his 2007 return.  A deduction is allowed for ordinary and necessary travel expenses incurred while away from home in the pursuit of a trade or business.  Sec. 162(a)(2); see Bruns v. Commissioner, T.C. Memo. 2009-168.  If a taxpayer travels to a destination at which he engages in both business and personal activities, the travel expenses to and from the destination are deductible only if the trip is related primarily to the taxpayer's trade or business. Sec. 1.162-2(b)(1), Income Tax Regs.

In order to deduct travel expenses, taxpayers must not only satisfy the general requirements of section 162, but they must also satisfy the strict substantiation requirements of section 274(d).  No deduction is allowed for expenses incurred for travel away from the taxpayer's home (including meals and lodging) unless the taxpayer substantiates, by adequate records or by sufficient evidence corroborating the taxpayer's own statement, each of the following elements:  (1) the amount of each separate expenditure; (2) the time and

[*12] destination city or town, date of return, and the time spent on business; and (3) the business reason or expected business benefit from the travel.  Sec. 274(d); sec. 1.274-5T(b)(2), (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46016 (Nov. 6, 1985).  The Cohan rule cannot be used to estimate a deduction for travel expenses.  Schladweiler v. Commissioner, T.C. Memo. 2000-351, aff'd, 28 Fed. Appx. 602 (8th Cir. 2002).

Petitioner never provided evidence of the character required by section 274(d) to substantiate his travel expense deductions.  Petitioner testified that he incurred travel expenses associated with his real estate business activities but did not establish the dates, locations, or purposes of his travel.  Because of these inadequacies, petitioner has not met his burden of proof.  We sustain respondent's determination and hold that petitioner is not entitled to any deductions for travel expenses claimed on his 2006 and 2007 tax returns.

B.    Car and Truck Expenses

On his Schedules C petitioner claimed car and truck expense deductions totaling $9,173 for driving 14,652 business miles in 2006 and $6,111 for driving 10,652 business miles in 2007.  Passenger automobiles are subject to the strict

[*13] substantiation requirements of section 274(d).[5]  If an expense is subject to the strict substantiation requirements of section 274(d), no deduction is allowable on the basis of any approximation or the taxpayer's unsupported testimony.  McLauchlan v. Commissioner, T.C. Memo. 2011-289.

Petitioner failed to offer any documents, contemporaneous or otherwise, of the character required by section 274(d), to substantiate the time, place, and business purpose for these miles.  Therefore, we sustain respondent's disallowance of the car and truck expense deductions claimed on petitioner's Schedules C for failure to meet the requirements of sections 162 and 274(d).

C.    Meals and Entertainment Expenses

For reasons similar to those set forth under car and truck expenses, petitioner is not entitled to any meals and entertainment expense deductions because of his failure to meet the strict substantiation requirements of section 274(d).  See Sanford v. Commissioner, 50 T.C. at 827-828.

---

[5]"Listed property" includes passenger automobiles and computers.  Sec. 280F(d)(4)(A)(i), (iv).

**[\*14]** D.    Computer Expenses

Computers are also listed property, which is subject to the strict substantiation requirements of section 274(d).[6]  However, computers may be excepted from this requirement provided they are used exclusively at a regular business establishment and are owned or leased by the person operating such establishment.  Section 280F(d)(4)(B).  Petitioner testified that he paid computer expenses associated with his real estate business.  He also offered an acknowledgment statement that listed the amount charged for a computer he purchased on January 25, 2006, but he provided no further information or facts to prove the cost of the computer was not a personal expense.  On the record before us, we hold that petitioner is not entitled to any deduction for his computer purchase because he failed to meet the requirements set forth in section 274(d).

---

[6]Computers are capital items that can be depreciated over a five-year period. Sec. 168(e)(3)(B)(iv), (i)(2)(A)(i).  A taxpayer may elect to write off certain capital items, which include computers, as deductible expenses by filing a Form 4562, Depreciation and Amortization, along with the tax return for the year in which the expense was paid.  Secs. 179(c)(1), 263(a)(1)(G).  Petitioner did not file a Form 4562 with his 2006 tax return.  Absent the election, if sec. 274(d) and 280F(d)(4)(B) requirements were met, petitioner would have to recoup his computer costs through depreciation.  See Jackson v. Commissioner, T.C. Memo. 2008-70.

**[\*15]** IV.    Petitioner's Expenses Not Subject to Section 274(d)

      A.    Office Expenses

Petitioner claimed office expense deductions of $24,690 and $8,943 on his Schedules C for 2006 and 2007, respectively. In the absence of substantiating records where we are persuaded that deductible expenses were in fact paid, trade or business expense deductions may be estimated. Cohan v. Commissioner, 39 F.2d at 543-544. However, the Court must have a reasonable basis on which to make an estimate. Vanicek v. Commissioner, 85 T.C. at 742-743. During trial petitioner made general statements about office expenses that were associated with his business. Petitioner's vague testimony provides a very limited basis for us to estimate the amounts of these expenses that he paid during the years at issue.

This testimony and the submitted invoices, receipts, and credit card charges are essentially all we have to determine allowable office expenses. Upon the record before us, petitioner is entitled to a deduction of $37.86 for office expenses paid in 2006. Because petitioner provided neither proof of payment nor detailed explanations regarding his office expenses for 2007, we sustain respondent's determination and hold that petitioner is not entitled to any deductions for office expenses claimed on his 2007 tax return.

[*16] B.    Other Expenses

Petitioner identified various expenses, such as refurbishing and advertising costs, which are reasonably expected to be paid by a taxpayer in the real estate business but provided little to no detailed explanation or substantiation to verify the amounts of these expenses that he paid during the years at issue.

Petitioner provided minimal documentation that substantiated his claimed expense deductions for telephone, outside services, promotion, Internet, small tools, research, materials, and commission and referral fees.  At trial we agreed to hold the record open for an additional 60 days in order to provide petitioner with additional time to produce documentation that substantiated his claimed deductions.[7] Petitioner has since failed to produce any additional records, receipts, or other documentation to assist this Court.  On the record before us, we find the following.

1.    Telephone, Outside Services, Internet, Small Tools, and Research

Petitioner stated that he had telephone, Internet, and other expenses in connection with his real estate business.  Petitioner did not present any proof of

_____

[7]Petitioner's trial was originally set for the trial session beginning March 19, 2012.  At petitioner's request, we continued his trial to the trial session beginning on June 18, 2012.  To give petitioner the maximum amount of time to collect records, we held his trial on the last day of the trial session.

[*17] payment at trial, nor did he present any documentary evidence to substantiate any of these claimed expense deductions. Petitioner's failure to introduce evidence "which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable." See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), aff'd, 162 F.2d 513 (10th Cir. 1947). Petitioner bore the burden of substantiating his claimed expense deductions and failed to satisfy it. While we believe petitioner did incur some expenses within these categories, he has provided us with no factual basis on which we can estimate his expenses. Petitioner offered not a single guide, by illustration or otherwise, upon which to estimate his expenses. See Williams v. United States, 245 F.2d at 561. The basic requirement is that there be sufficient evidence to satisfy the Court that at least the amount allowed in the estimate was in fact spent for the stated purpose, which was not met. See id. at 560. Consequently, he is not entitled to deduct any of these disallowed expenses for 2006 or 2007.

2.      Promotion

Petitioner provided some bank and credit card statements that indicate he paid promotion expenses for 2006 and 2007. Some of these expenses include an invoice for a banner for "Platinum Real Estate Fund" as well as credit card charges

[*18] for a real estate broadcasting service. To the extent that petitioner has met his burden by providing substantiating documents and in application of the Cohan rule, we find that he may deduct the $4,158.26 expense with respect to his 2006 Schedule C promotion expenses and $180 with respect to his 2007 Schedule C promotion expenses.

### 3.    Materials

Petitioner provided credit card statements that listed purchases of fixtures, lighting, and lumber for 2006 and 2007. In corroboration of petitioner's testimony that he was engaged not only as a real estate agent, but also as a real estate investor, it is reasonable that he incurred some expenses for materials associated with his real estate investment activities. Petitioner testified that he renovated a property he owned during one of the years at issue that was not his personal residence, but did not state which year he purchased materials for the renovation. As set forth above, we found most charges relating to the purchase of fixtures, lighting, and lumber were attributable to 2006. These expenses, coupled with petitioner's testimony, provide a reasonable basis for us to conclude that he incurred some business costs for materials for 2006.

Section 162(a) allows for the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or

[*19] business".  In contrast, section 263 generally prohibits deductions for capital expenditures.  Nondeductible capital expenditures include "Any amount paid out * * * for permanent improvements or betterments made to increase the value of any property".  Sec. 263(a)(1).  In contrast, deductible expenditures include those made merely to maintain property in operating condition.  See Ill. Merchs. Trust Co. v. Commissioner, 4 B.T.A. 103, 106 (1926) ("A repair is an expenditure for the purpose of keeping the property in an ordinarily efficient operating condition.").  The distinction between a nondeductible capital expenditure and a deductible repair is summarized in section 1.162-4, Income Tax Regs.:

> The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as an expense, provided the cost of acquisition or production or the gain or loss basis of the taxpayer's plant, equipment, or other property, as the case may be, is not increased by the amount of such expenditures. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, shall either be capitalized and depreciated in accordance with section 167 or charged against the depreciation reserve if such an account is kept.
> * * *

The deductibility of repair expenses also depends upon the context in which the repairs are made.  An expenditure made for an item which is part of a "general plan" of rehabilitation, modernization, and improvement of the property must be capitalized, even though, standing alone, the item may appropriately be classified

[*20] as one of repair. Smith v. Commissioner, 300 F.3d 1023, 1036 n.14 (9th Cir. 2002), aff'g Vanalco, Inc. v. Commissioner, T.C. Memo. 1999-265.

Petitioner's materials expenses for 2006 and 2007 comprise purchases of raw lumber, lighting, fixtures, and doors and windows. During his testimony petitioner gave no detailed explanation regarding the nature of these expenses except that he incurred refurbishing fees for a property he owned at the time. The principal basis upon which we are persuaded that petitioner did incur these costs for business rather than personal use was his testimony that he was also a real estate investor during the years at issue, backed up with invoices and credit card statements. The invoices and credit card statements petitioner submitted and his testimony do not provide enough information to determine with certainty whether these expenses qualify as maintenance and repair costs.

According to the information petitioner submitted, he spent over $23,000 for raw lumber between 2006 and 2007 and over $2,000 for lighting in 2006. Although there is no evidence that exactly specifies the purpose for which the raw lumber was purchased, it is unlikely that petitioner spent over $20,000 on lumber to repair his property. Thus, the purchase of raw lumber was an element of the renovation and constituted an improvement or replacement and not a repair. Concerning the lighting and fixtures purchased in 2006, nothing in the record

[*21] indicates that petitioner incurred expenses to repair the lighting in his property or to repair bathroom or kitchen fixtures. With respect to the doors and windows purchase in 2007, petitioner offered no evidence to suggest that this purchase was not an improvement or replacement that added to the value of his investment property.

Upon the record before us and absent evidence to the contrary, we believe that the purchasing of raw lumber, lighting, fixtures, and doors and windows was for improvements or replacements that added to the value of petitioner's investment property. Consequently petitioner was required to capitalize the cost of those materials. We conclude, applying the Cohan rule, that petitioner is entitled to capitalize expenses of $17,978 for materials on his 2006 Schedule C and $2,516.20 for materials on his 2007 Schedule C.

4. Commissions, Referrals, and Fees Expenses

Under part V of his Schedules C petitioner claimed deductions of $33,176 and $14,592 for referrals, commissions and marketing expenses for 2006 and 2007, respectively.

Generally, in a real estate transaction, a contract is signed with a specified commission; and when the property is sold, the selling agent and, if applicable, the buyer's agent split the commission in a predetermined manner. Further, agents

[*22] will sometimes split their commission with other agents who assisted them with the listing or referred the seller or buyer to them. Kirman v. Commissioner, T.C. Memo. 2011-128. Petitioner testified that he paid anywhere from 20 to 50% of his commissions in referral fees to other licensed real estate agents.

Petitioner never provided any specific information with respect to how much he earned in commissions from his real estate activities. Petitioner testified that most of his income was offset by referrals he paid out to other licensed real estate agents who gave him leads on transactions and that he paid these fees with checks. However, petitioner neither maintained a contemporaneous log of the fees paid nor provided this Court with check copies or a check registry. In order to estimate petitioner's commission and referral fees, there must be some basis upon which the Court can make a reasonable estimate. Vanicek v. Commissioner, 85 T.C. at 742-743. As previously noted, without such a basis, any allowance would amount to unguided largesse. Williams, 245 F.2d at 560.

Petitioner stated that during 2006 and 2007 he was a mortgage broker, real estate agent, and real estate investor and that his income reflects all of these activities. Without more evidence, we find it impossible to estimate how much of petitioner's income was attributable to commissions earned as a real estate agent much less what portion of that amount was paid as cooperating commissions or

[*23] marketing expenses to others. The record does not permit this Court to estimate expenses with regard to commissions and fees he paid out to other agents. Accordingly, petitioner is not entitled to deductions attributable to referrals, commissions, and marketing expenses.

V.     Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date. The addition equals 5% of the amount required to be shown as tax on the return for each month or fraction thereof that the return is late, not to exceed 25%. Sec. 6651(a)(1). The burden of production with respect to the imposition of the section 6651(a)(1) addition to tax determined in the notice of deficiency rests with respondent. See sec. 7491(c). Petitioner requested, and was granted, extensions of time within which to file his 2006 and 2007 income tax returns. With the extensions, the due dates for the tax returns were October 15, 2007, for his 2006 return and October 15, 2008, for his 2007 return. There is no dispute that petitioner's 2006 Federal income tax return was not filed until November 6, 2008, more than one year after its due date. There is no dispute that petitioner's 2007 Federal income tax return was not filed until July 7, 2009, approximately nine months after its due date. Respondent's burden of production has been satisfied.

**[\*24]** "A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect." McMahan v. Commissioner, 114 F.3d 366, 368 (2d Cir. 1997), aff'g T.C. Memo. 1995-547. A showing of reasonable cause requires a taxpayer to show that the taxpayer exercised "ordinary business care and prudence" but was nevertheless unable to file the return within the prescribed time. United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner first appears to argue that his failure to timely file his returns was due to reasonable cause because he relied on his tax accountant to file his returns for him. However, petitioner's reliance on his tax accountant does not excuse him from responsibility to timely file returns. See Boyle, 469 U.S. at 250-252; McMahan v. Commissioner, 114 F.3d at 371. Additionally, petitioner appears to argue that his failure to timely file is a result of a disability. Despite petitioner's testimony, he produced no evidence indicating that his disability caused him to be incapacitated and unable to prepare his returns on the dates that they were due. Therefore, we conclude these circumstances are not reasonable cause for petitioner's late filing and he is liable for section 6651(a)(1) additions to tax for 2006 and 2007.

**[\*25]** VI.    Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a penalty of 20% of the portion of the underpayment of tax attributable to a substantial understatement of income tax.    An understatement of income tax is substantial within the meaning of section 6662(b)(2) if, as relevant here, the understatement exceeds the greater of 10% of the tax required to be shown on the tax return or $5,000.  See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.  Respondent bears the burden of production with respect to the imposition of the penalty, see sec. 7491(c), and that burden has been satisfied because the understatement of income tax, which equals the deficiency, exceeds the greater of 10% of the tax required to be shown on the tax return or $5,000, see secs. 6211, 6662(d)(2), 6664(a).  It is petitioner's burden to establish that because of reasonable cause, the imposition of the penalty is not appropriate.  See Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment.  Sec. 1.6664-4(a), Income Tax Regs.  The determination of whether the taxpayer acted with reasonable cause and in good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances."  Sec. 1.6664-4(b)(1), Income Tax

**[*26]** Regs. During trial petitioner testified that he has a learning disability that affects his ability to recognize his responsibilities; however, he provided no evidence that verified his self-diagnosis. Absent any evidence of petitioner's inability to timely and accurately file his tax returns, he failed to establish that he acted in good faith with respect to any portion of the underpayment of tax or that any portion of the underpayment is due to reasonable cause. Petitioner is liable for the section 6662(a) accuracy-related penalty for 2006 and 2007.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.